## STATE v. GRAFF.

No. 4662.   Decided March 24, 1928.   (266 P. 272.)

Erickson & Erickson, of Richfield, for appellant.

Harvey H. Cluff, Atty. Gen., and L. A. Miner, Asst. Atty. Gen., for the State.

STRAUP, J.

The defendant was charged with and convicted of grand larceny, stealing several head of cattle, and appeals. No point is made as the sufficiency of the evidence to justify the verdict, nor does a consideration of the assignments depend upon the evidence in such particular, hence a recitation of it is unnecessary.

The information recites that the defendant, having been duly bound over by W. C. Tebbs, a justice of the peace in and for Panquitch precinct, Garfield county, Utah, to answer the charge, was by the information accused of the crime of grand larceny, giving full particulars ■ thereof. A motion was made to quash the information on the ground that the defendant was arraigned and given a pretended preliminary hearing before Ephraim Cassel, a justice of the peace of Cannonville precinct, Garfield county, without being represented by counsel and without being advised as to his rights to counsel. On the record there is not anything made to appear that that such a preliminary examination was held, nor was it shown that the defendant was not given a preliminary examination before Justice of the Peace Tebbs. Nor by the motion is it claimed that the defendant was not by that justice advised of his rights, or that he was denied any. The record does not even disclose what ruling the court finally made on the motion. As the case proceeded to trial on the information, it may be assumed the motion was overruled. We think it was properly overruled.

A further point is made that by the copy of the abstract of the docket of Justice of the Peace Tebbs in the cause transmitted by him to the district court it was ■ not sufficiently made to appear of what precinct Tebbs was the justice, the abstract in such particular reciting only, "In the justice's court before W. C. Tebbs, justice of the peace." But attached to the abstract was the complaint filed before the justice, which among other files, was also transmitted to

the district court. In such complaint the cause was designated, "In the justice's court of the Panguitch precinct, Garfield county, state of Utah." So was the warrant of arrest characterized and the subpoenas and other files in the cause. Thus looking at the whole record transmitted to the district court we think it was sufficiently made to appear that Tebs was designated as the justice of Panguitch precinct.

The sheriff was called as a witness by the state. He was asked to relate a conversation had with the defendant in the presence of the county attorney and one Davis concerning the defendant's connection with the taking of the catttle, after the defendant was arrested and while in the custody of the sheriff. Although the sheriff had testified that no promise of reward or immunity or inducement was made or held out to the defendant and that the statements made by him were made voluntarily, yet an objection was made that it was not sufficiently shown that the defendant's statement or confession was in law so made. Thereupon counsel for the defendant was permitted to cross-examine the sheriff on the subject before relating the conversation. The cross-examination did not disclose that any promise of immunity or reward or inducement was made or held out to the accused, or that he in any particular was threatened or coerced in making any statement. The defendant was also permitted to testify on the subject and testified that the county attorney, in such conversation, told him that it was not the defendant he was after but another who, was regarded the real guilty party, and who had theretofore "slipped through his fingers"; that they (sheriff and county attorney) wanted to help the defendant out and that if the defendant would give evidence as to such other, the defendant's case would "never come up and that they would do the square thing" with him. Such testimony, in effect, was denied by the sheriff. He, in part, at least, was corroborated by Davis, who heard, not all, but a part of the conversation. The court thereupon overruled the objection and received in

evidence testimony of the conversation. No error was committed in the ruling.

Complaint is made of this charge to the jury:

"In determining whether the defendant is guilty of the offense charged, you should take into consideration all of the facts and circumstances in evidence, including the acts and conduct of the defendant, if any, and the things shown by the evidence to have been done by him, and if you find from all the facts and circumstances in evidence that there is no other reasonable conclusion than that he is guilty, you should so find."

It is contended that the charge does not sufficiently guide the jury on the subject of reasonable doubt or presumption of innocence; and that it, in effect, told the jury "that, if they cannot come to a reasonable conclusion that the defendant is innocent, they should find him guilty." The charge is not a misdirection as far as it goes. In other portions of the charge the court fully and correctly charged the jury as to presumption of innocence and as to reasonable doubt, and then further charged that:

"To warrant you in convicting the defendant, the evidence must, to your minds, exclude every reasonable hypothesis other than that of the guilt of the defendant. That is to say, if after an entire consideration and comparison of all the testimony in the case, you can reasonably explain the facts given in evidence on any reasonable ground other than the guilt of the defendant, you should acquit him."

No complaint is made of these. Thus, looking at the charge as a whole, the subjects complained of were fully covered and the rights of the accused in such respect amply protected and safeguarded.

The judgment of the court below is affirmed.

THURMAN, C. J., and CHERRY, HANSEN, and GIDEON, JJ., concur.